UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Number: 06-340 (ESH) |
| | : | |
| v. | : | |
| | : | |
| | : | VIOLATION: 18 U.S.C. § 2314 |
| **MARILYN ESSEX,** | : | (Interstate Transportation |
| | : | of Stolen Property) |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Marilyn Essex. As will be discussed below in more detail, the government: (1) moves the Court to impose a two-level increase in defendant's offense level because defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense; (2) moves for a three-level decrease in defendant's offense level because defendant appropriately accepted responsibility; (3) requests that defendant be sentenced to a term of imprisonment within the sentencing Guideline range as determined in the Presentence Investigation Report ("PSR"); and, (4) requests that the Court order defendant to pay restitution of $656,531.80 as stated in the PSR and agreed to by defendant in the plea agreement.

**I. FACTUAL BACKGROUND**

On February 5, 2007, defendant Marilyn Essex pled guilty before United States Magistrate Judge Alan Kay to a one-count Indictment charging her with Interstate Transportation of Stolen Property, in violation of 18 U.S.C. §2314.

As agreed to by the defendant and set forth in the Statement of Offense and the PSR, at pages 4-5, from 1999, to February 8, 2005, defendant was employed as the account controller from 1999, until February 8, 2005, at MDB Communications, a Washington, D.C., based, independent, full service advertising, marketing and public relations firm. As account controller, Essex was responsible for the day to day financial management of MDB Communications ("MDB"). Essex's duties included manually preparing checks for payment of venders, such as publishing companies, employed by MDB.

Shortly after beginning her employment with MDB in 1999, Essex began manually preparing and signing checks written on the MDB operating account which she made payable to herself or to her personal Discover Card account. Essex negotiated the stolen checks that she had made payable to herself and deposited stolen funds into a personal checking account she held at SunTrust Bank. In addition, Essex made some of the stolen checks payable to "Discover Platinum Card" which she sent via U.S. mail to Discover Financial Services in Wilmington, Delaware for the purpose of paying her personal Discover Card account. Essex took steps to hide the existence of the embezzlement from her employer including intercepting and destroying the returned checks.

Cary Hatch ("Hatch"), President and CEO of MDB fired Essex on February 8, 2005, after Hatch discovered an MDB business check that Essex had made payable to herself and forged Hatch's signature. When confronted by Hatch with evidence of the fraud, Essex admitted that she had been falsifying MDB checks but, significantly downplayed both the duration of the fraud and the amount that she had embezzled from MDB. Because of the fraudulent scheme executed by Essex, MDB Communications suffered an actual loss in excess of $656,000. In addition, as a consequence of the illegal acts of Essex, MDB has incurred sizable financial obligations to lawyers, accountants and

others who investigated the loss occasioned by Essex's illicit conduct or attempted to mitigate the financial effects of such loss to MDB.

## II. UNITED STATES SENTENCING GUIDELINES

The United States Sentencing Guidelines, § 3E1.1, provides for a two-level decrease in a defendant's offense level for acceptance of responsibility, and, upon motion of the government, for a defendant whose level is 16 or greater and who has in a timely manner advised the government of the defendant's intent to plead guilty, an additional one-level decrease. The defendant meets the criteria for a three-level decrease and the government hereby moves that the Court grant her a three-level decrease in her offense level for acceptance of responsibility.

The probation officer believes, and the United States concurs, that the defendant's total offense level, incorporating the three-level decrease for acceptance of responsibility, is 19, her criminal history is I, and her guideline range is 30 to 37 months of imprisonment. PSR, at pages 8-9, ¶¶ 15-28, and page 13, ¶ 50. According to the PSR, the defendant falls within Zone D of the Sentencing Table, which specifies that defendant is not eligible for probation. Id., at page 14, ¶¶ 55-58.

## III. RECOMMENDATIONS

Marilyn Essex pled guilty to one count of Interstate Transportation of Stolen Property for her role in a five-year scheme to defraud MDB Communications and obtain money under its control. In fact, Essex spent five years systematically stealing hundreds of thousands of dollars from MDB Communications. The evidence demonstrates that Marilyn Essex was a calculating thief who used her position as account controller to selfishly enrich herself with trivial luxuries while MDB struggled to survive. Not only did she deprive the company of more than $650,000 in funds, Essex

accepted more than $25,000 in bonuses from MDB while she was executing the fraudulent scheme. See PSR, at pages 5-8, Victim Impact. All of these factors heighten the egregiousness of her reprehensible criminal conduct. This criminal behavior, with its resulting harm to the MDB was serious conduct that needs to be adequately punished.

In this case, the government is requesting that the Court impose a two-level increase for abuse of position of trust, grant defendant a three-level decrease for acceptance of responsibility and order that defendant pay restitution. As discussed above, the resulting offense level is 19. With a criminal history category of I, defendant falls within the Guideline sentencing range of 30-37 months. The government further requests that the Court impose a sentence of imprisonment within this sentencing range. In the plea agreement, at page 3, ¶ 4, defendant agreed to pay restitution to the victim of her crime. Consistent with the agreement and the determination of the probation officer, the United States requests that the Court order defendant to pay restitution of $656,531.80 to MDB Communications. PSR, at page15, ¶¶ 65-66.

## IV. CONCLUSION

WHEREFORE, the government respectfully requests that the Court impose a two-level increase for abuse of position of trust, grant defendant a three-level decrease for acceptance of responsibility, impose a sentence of imprisonment within the applicable Guideline sentencing

range and order defendant to pay restitution in the amount determined in the Presentence Investigation Report.

                                                          Respectfully submitted,

                                                          JEFFREY A. TAYLOR
                                                          United States Attorney

_____

RONALD W. SHARPE
Assistant United States Attorney
Fraud and Public Corruption Section
D.C. Bar No. 434575
555 4th Street, N.W., Room 5828
Washington, D.C.  20530
(202) 353-9460
ronald.sharpe@usdoj.gov