## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Number: 06-340 (ESH)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | **VIOLATION: 18 U.S.C. § 2314** |
| **MARILYN ESSEX,** | : | **(Interstate Transportation of** |
| | : | **Stolen Property)** |
| | : | |
| **Defendant.** | : | |

_____:___

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter Government's Response to Defendant's Memorandum in Aid of Sentencing. As will be discussed below in more detail, the government respectfully requests that the Court deny defendant's request for a downward departure.

## I.    INTRODUCTION

Defendant requests that the Court grant a downward departure of three additional points for "extraordinary restitution and acceptance of responsibility." Defendant's Memorandum in Aid of Sentencing at 9. The Presentence Investigation Report ("PSR") concludes, and the government agrees, that there is no basis for a departure from the prescribed Guideline range. PSR, at page 16, ¶ 67. Moreover, this case does not present the unusual circumstances that would warrant non-application of the Guidelines. Defendant received a tax-free infusion of more than $656,000 in a five-year period during which she repeatedly abused her position of trust to enrich herself with trivial luxuries. Notwithstanding those undisputed facts, she now portrays herself as a victim of

circumstance – that she committed the offense to provide a better life for her daughters – and asks this court to give a sentence outside the applicable guidelines range. Contrary to defendant's protestations that the money was simply used for the benefit of her adult daughters, now aged 21 and 26, the evidence in the case shows that defendant elevated her lifestyle. A significant portion of the money was used for personal expenses including a Lexus automobile, diamond earrings, and vacations.

## II.    DEFENDANT SHOULD BE SENTENCED WITHIN THE APPLICABLE GUIDELINE RANGE

### A)    Defendant's Acceptance of Responsibility Already Incorporated

Notwithstanding her assertions of remorse, defendant attempts to evade the consequences of her actions by arguing that she is entitled to departure for her 'extraordinary acceptance of responsibility.' The facts in this case tell a different story.

In support of her 'extraordinary acceptance of responsibility' argument, defendant claims that she immediately took responsibility for her criminal actions when Cary Hatch ("Hatch"), President and CEO of MDB Communications discovered the scheme. Defendant's Memorandum in Aid of Sentencing at 2 and 13. On February 7, 2005, Hatch discovered an MDB business check made payable to Marilyn Essex in the area of defendant's workspace. The check was not authorized and Hatch's signature on the check had been forged. Defendant was not present in the office that day. When defendant reported to work the following day, February 8, 2005, Hatch confronted defendant with evidence of the fraud. Essex then admitted that she had been falsifying MDB checks for one year and had stolen approximately $100,000. Pursuant to Hatch's request, defendant drafted a handwritten note reflecting her admission to Hatch (attached hereto as Exhibit One). That same day,

2

Hatch reported the incident to the Metropolitan Police Department who immediately opened an investigation into the matter. See police reports, attached hereto as Exhibit Two.

Further investigation would reveal what defendant already knew. That is, that for more than five years, defendant had been fraudulently writing checks to herself and depositing the stolen checks into a bank account in her name. Despite having been caught red-handed, defendant, who holds and MBA in finance from John's Hopkins University, failed to fully disclose the magnitude and duration of her offense. Instead, defendant deceptively stated that the extent of the fraud was approximately $100,000 and lasted only one year. Because defendant had destroyed MDB bank records to conceal the fraud, mislead her employer with inaccurate statements concerning the fraud and failed to provide the affirmative assistance necessary to identify the total loss amount, Hatch was forced to hire a forensic accountant at considerable cost to her company to determine the true extent of the fraud.

Defendant cannot establish the factual basis to support her 'extraordinary acceptance of responsibility' argument. Neither does she have any legal basis to support her argument. The United States Sentencing Guidelines specifically prohibit departures based on, among other things, "the defendant's acceptance of responsibility for the offense." U.S.S.G. §5K2.0(d)(2). Furthermore, defendant's acceptance of responsibility has already been incorporated in her Guideline calculation under U.S.S.G. §3E1.1, Acceptance of Responsibility.[1] Finally, an expression of remorse cannot

---

[1]    As explained in the Government's Memorandum in Aid of Sentencing, the government does not oppose a three-level decrease in defendant's offense level for her acceptance of responsibility in this case.

provide an independent ground for departure beyond that already received for acceptance of responsibility. U.S. v. Dyce, 91 F.3d 1462, 1469 (D.C. Cir. 1996).

It should be noted that the Sentencing Guidelines provide a specific provision for a downward departure where a defendant voluntarily discloses to authorities the existence of, and accepts responsibility for the offense. U.S.S.G. §5K2.16. Even if defendant's version of the event is fully credited, it does not rise to the level to take advantage of this departure.

**B)    Defendant's Partial Payment of Restitution Was Not Extraordinary**

Defendant argues that the restitution payments she made were extraordinary and warrant a downward departure. Defendant's Memorandum in Aid of Sentencing at 9-14. The government disagrees and the Court should not depart from the Guidelines.

Ordinarily, payment of restitution is not an appropriate basis for downward departure under § 5K2.0 because it is adequately taken into account by Guidelines § 3E1.1, dealing with acceptance of responsibility.[2] U.S. v Broderson, 67 F.3d 452, 458 (2nd Cir. 1995). See also U.S. v. Arjoon, 964 F.3d 167,171 (2d Cir. 1992) (remanded: partial return of property before embezzlement discovered is covered by § 3E1.1). However, extraordinary restitution can be a proper ground for departure. In U.S. v. Hairston, the Fourth Circuit concluded that "restitution, although taken into account in the guideline permitting a reduction for acceptance of responsibility, can provide a basis for a departure when present to such an exceptional degree that it cannot be characterized as typical or 'usual.' U.S. v. Hairston, 96 F.3d 102, 108-09 (4th Cir. 1996).

The PSR indicates that defendant has no dependents but provides $5,327.50 to "her daughter"

---

[2]    "Voluntary payment of restitution prior to adjudication of guilt" is one of the enumerated factors a court should consider in determining whether to reduce a sentence for acceptance of responsibility. U.S.S.G. § 3E1.1 Application Note 1(c).

on a monthly basis. PSR, at pages 2 and 12-13, ¶ 45. Apparently, defendant has funds available to make additional restitution payments but chooses not to do so. Certainly, defendant could have chosen to use a portion of this substantial allowance to provide restitution to the victim in this case.

Defendant makes much of the fact that she has made restitution payments and it is not disputed that she has paid $278,000 in restitution. But, her efforts to make such payments are in no way extraordinary to the extent that a departure is warranted. Defendant's payments represent a little more than one-third of the amount that she embezzled. Moreover, she did not begin making restitution payments until after she had been confronted with the discovery of her criminal activity, apparently to settle her civil liability, and in the hope of receiving a reduced sentence. The timing of the restitution payment, after her criminal activity had been exposed, does not suggest an exceptional acceptance of responsibility, . . . nor does her motive. See U.S. v. Hairston, 96 F.3d 102, 108-09 (4th Cir. 1996) (remanded). Cf. U.S. v. Arjoon, 964 F.2d 167, 171 (2d Cir.1992) (finding departure unwarranted where defendant stole 5,000 shares of stock worth $489,000, and then returned 2,000 shares plus $51,000 (approximately fifty percent of the amount stolen), because the restitution involved was not "substantially in excess of that which is ordinarily involved") (quoting U.S.S.G. § 5K2.0); U.S. v. Carey, 895 F.2d 318, 322-24 (7th Cir.1990) (departure unwarranted where defendant paid $200,000 out of victim's $220,000 loss).

**C)    No Combination of Factors Warrant a Departure**

Defendant further argues that the Court may base a departure on a combination of factors even if no single factor would justify a departure. Defendant's Memorandum in Aid of Sentencing at 9-10. Indeed, the Sentencing Commission explicitly authorizes downward departures in "extremely rare" cases in which a combination of factors or circumstances "not ordinarily relevant

to a departure" causes a case to "differ[ ] significantly from the 'heartland' cases . . . even though none of the characteristics or circumstances individually distinguishes the case." U.S.S.G. § 5K2.0, comment. However, the District of Columbia Circuit has specifically rejected a totality of circumstances approach when the individual factors were not proper grounds for departure. See U.S. v. Dyce, 78 F.3d 610, 617 (D.C. Cir. 1996) (remanded: "factors already considered by the Sentencing Commission cannot be combined to form a 'unique combination' justifying departure"), as amended on denial of rehearing, 91 F.3d 1462, 1470 (D.C. Cir. 1996); U.S. v. Minicone, 26 F.3d 297, 302 (2d Cir. 1994) (remanded: "where independent factors have been adequately considered by the Sentencing Commission and each factor considered individually fails to warrant a downward departure, the sentencing court may not aggregate the factors in an effort to justify a downward departure under a 'totality of circumstances' test").

Here, defendant has failed to present factors that rise to the level necessary to benefit from this departure.

## III.   RECOMMENDATIONS

The government is requesting that the Court deny defendant's request for a departure and impose a sentence of imprisonment within the Guideline sentencing range of 30-37 months as determined in the PSR. Should the Court choose to show leniency in sentencing defendant, it would be best expressed through the Guidelines by sentencing defendant to the low end of the applicable range.

**IV.**    **CONCLUSION**

WHEREFORE, the government respectfully requests that the Court deny defendant's request

for a downward departure and impose a sentence of imprisonment within the applicable Guideline

sentencing range.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____

RONALD W. SHARPE
Assistant United States Attorney
Fraud and Public Corruption Section
D.C. Bar No. 434575
555 4th Street, N.W., Room 5828
Washington, D.C.  20530
(202) 353-9460
ronald.sharpe@usdoj.gov

7



2-8-05

I Marilyn M. Essex

have committed fraud

by falsifying checks

Marilyn M. Essex

2004-2005

100,000 approx

I resign effective 2-8-05

MDB COMMUNICATIONS, INC.

1050 17th Street, NW
Suite 500
Washington, DC 20036

phone:  202 . 835 . 0774
fax:      202 . 835 . 0656
website: www.mdbcomm.com

A member of the American Association of Advertising Agencies

SANTIAGO, D. 2441 (N51 × 306) hcg#

**Exhibit Two**
Washington, D.C.

## Metropolitan Police Department
### Incident Based Event Report

**PART I: CLASSIFICATION OF EVENT**

**1. TYPE OF REPORT:** Offense (filled) / Incident

FILL IN THE OVALS COMPLETELY
- Right Mark ●
- Wrong Marks ⊘ ⊗ ◐

**2. DATE AND TIME OF EVENT**
- Start Date: Month Feb(21) Day 05 Year 08
- Start Time: 00
- End Date: Dec 08
- End Time: 10:15

**3. DATE OF REPORT:** 08 05 10:40

**4. TIME OF REPORT**

**5/6/7. DISTRICT / SECTOR / BEAT:** 3 06

**8. COMPLAINT NUMBER:** 016 757

**9. EVENT LOCATION ADDRESS**
1050 17TH STREET NW #500
WASHINGTON, D.C. 20036

- Rear of
- In front of
- Along side of
- Inside of
- NW Corner / NE Corner / SW Corner / SE Corner

**10. REPORT RECEIVED BY:** TRU / On-scene / Walk-in / Radio run

**11. IS RADIO RUN LOCATION AND EVENT LOCATION THE SAME?** Yes / No

**12. PROPERTY TYPE:** Public / Private

**13. EVENT NO. 1:** LITTERING 1001

**14. EVENT NO. 2**

**15. EVENT NO. 3**

**16. FORCED ENTRY:** Yes / No

**17. POINT OF ENTRY**

**18.** a. Method Used    b. Tools Used

**19. WEATHER CONDITIONS:** Clear / Rain / Other / Cloudy / Snow / Not applicable (filled) / Unknown

**20. SUSPECTED HATE CRIME?** None (filled) / Ethnic / Sexual Orientation / Racial / Religious / Other

**21. SECURITY SYSTEM (Mark all that apply):** Alarm/Audio / Alarm/Silent / Camera / Dog / Dead bolt / Unlocked / Exterior lights / Interior lights / Fence / Guard / Neighborhood watch / Other / Not applicable / Unknown

**22. LOCATION TYPE (Mark only one):**
- Air/Bus/Train terminal
- Alley
- Bank/Savings & loan
- Bus stop
- Church/Synagogue/Temple
- College/University
- Commercial office building (filled)
- Construction site
- Convenience store
- Department/Discount store
- D.C. government building
- Doctor's office/Hospital
- Drug store
- Federal/Government bldg.
- Field/Woods
- Grocery/Supermarket
- Hotel/Motel/Etc.
- Jail/Prison
- Lake/Waterway
- Liquor store
- Park area
- Parking lot/Parking garage
- Public housing project
- Public/Private school
- Rental storage facility
- Residence/Home
- Restaurant
- Service station
- Sidewalk
- Specialty store
- Street/Highway/Road
- Tavern/Night club
- Other
- Not applicable
- Unknown

**23. DESIGNATED AREAS (Mark all that apply):**
- Victim's vehicle
- Suspect's vehicle
- Taxi-cab
- Bus
- Train/Metro/Amtrak/Etc.
- Hallway
- Elevator
- Stairwell
- Basement/Laundry room
- Apartment/Condo unit
- Single family dwelling
- Hotel/Motel room
- College/University dorm
- Classroom
- Office room
- Vacant building/room
- Customer area
- Storage area
- In public
- Within 1 block of public housing
- Within 1,000 ft. of school
- Other
- Not applicable
- Unknown

**PART II: VICTIM INFORMATION**

**24. NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1**
MDB (MICHAEL DAVID BROWN)

**25. RELATED TO EVENT NO(S).:** 2 3 4 5 6 7 8 9 10

**26. VICTIM TYPE:** Individual (filled) / Financial inst. / Religious org. / Police officer / Business / Government / Society/Public / Other

**27. DATE OF BIRTH:** Unknown / NA — Month / Day / Year

**28. AGE RANGE:** 0-1 yr. / 2-12 yrs. / 13-17 yrs. / 18-65 yrs. / Over 65 / Unknown

**29. SEX:** Male / Female

**30. HOME PHONE:** (  )

**31. BUSINESS PHONE:** (202) 835-0774

**32. RACE/ETHNICITY (Mark all that apply):** American Indian/Alaskan Native / Asian/Pacific Islander / Black / Chinese / Latino/Hispanic / Jamaican / Japanese / Korean / Vietnamese / White / Other / Unknown/Refused

**33. HOME ADDRESS:** DC Resident / Non-DC Resident / Unknown

**34. BUSINESS ADDRESS/SCHOOL**
1050 17TH STREET N.W. # 500
WASHINGTON, D.C. 20036

**35. OCCUPATION:** ADVERTISEMENT

**36. IS EVENT RELATED TO OCCUPATION?** Yes (filled) / No / Unknown

**37. ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1**

**38. NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1**

**39. RELATED TO EVENT NO(S).:** 1 2 3 4 5 6 7 8 9 10

**40. VICTIM TYPE:** Individual / Financial inst. / Religious org. / Police officer / Business / Government / Society/Public / Other

**41. DATE OF BIRTH:** Unknown / NA — Month / Day / Year

**42. AGE RANGE:** 0-1 yr. / 2-12 yrs. / 13-17 yrs. / 18-65 yrs. / Over 65

**43. SEX:** Male / Female / Unknown

**44. HOME PHONE:** (  )

**45. BUSINESS PHONE:** (  )

**46. RACE/ETHNICITY (Mark all that apply):** American Indian/Alaskan Native / Asian/Pacific Islander / Black / Chinese / Latino/Hispanic / Jamaican / Japanese / Korean / Vietnamese / White / Other / Unknown/Refused

**47. HOME ADDRESS:** DC Resident / Non-DC Resident / Unknown

**48. BUSINESS ADDRESS/SCHOOL**

**49. OCCUPATION**

**50. IS EVENT RELATED TO OCCUPATION?** Yes / No / Unknown

**51. ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1**

**52. STATUS (Mark one):** Open (filled) / Closed / Closed by arrest, attach PD-252 / Unfounded / Suspended

**53. REVIEWER**

**54. DISTRIBUTION**

PD-251  4/99

Printed in U.S.A.

PAGE 1

**IS VICTIM REPORTED PERSON?** ◯ Yes ● No

**55** ENTER THE NAME, ADDRESS AND PHONE NUMBER OF THE REPORTING PERSON.
Name: City Bank
Address: 12725 Salt Creek CT. North Potomac 20878
Phone-Area Code (22) 330-9664

**56** DID THE REPORTED EVENT OCCUR AS A RESULT OF AN INTRA-FAMILY MATTER? ◯ Yes ● No

**56a** WAS A PD FORM 378A ISSUED? ◯ Yes ● No

**57** IS CPO/TPO OUTSTANDING? ◯ Yes ● No ◯ Unknown    IF YES, ENTER CPO/TPO #:

**58** INJURIES — Use the following codes to describe injuries. (Mark all that apply)
N = None Visible   M = Apparent Minor Injury   B = Apparent Broken Bones
O = Other Major Injury   I = Possible Internal Injury   G = Gunshot
L = Severe Laceration   T = Loss of Teeth   U = Unconscious

| INJURED | NUMBER | INJURY CODE | DESCRIBE INJURY | WHERE TAKEN | BY WHOM | DCFD AMB. | DCFD AMB. # | STATUS |
|---|---|---|---|---|---|---|---|---|
| ◯ Victim | ① ② ③ ④ ⑤ | Ⓝ Ⓜ Ⓑ Ⓞ Ⓘ | | | | ◯ Yes | | ◯ Admitted |
| ◯ Suspect | ⑥ ⑦ ⑧ ⑨ | Ⓖ Ⓛ Ⓣ Ⓤ | | | N/A | ◯ No | | ◯ Released |
| ◯ Victim | ① ② ③ ④ ⑤ | Ⓝ Ⓜ Ⓑ Ⓞ Ⓘ | | | | ◯ Yes | | ◯ Admitted |
| ◯ Suspect | ⑥ ⑦ ⑧ ⑨ | Ⓖ Ⓛ Ⓣ Ⓤ | | | | ◯ No | | ◯ Released |
| ◯ Victim | ① ② ③ ④ ⑤ | Ⓝ Ⓜ Ⓑ Ⓞ Ⓘ | | | | ◯ Yes | | ◯ Admitted |
| ◯ Suspect | ⑥ ⑦ ⑧ ⑨ | Ⓖ Ⓛ Ⓣ Ⓤ | | | | ◯ No | | ◯ Released |
| ◯ Victim | ① ② ③ ④ ⑤ | Ⓝ Ⓜ Ⓑ Ⓞ Ⓘ | | | | ◯ Yes | | ◯ Admitted |
| ◯ Suspect | ⑥ ⑦ ⑧ ⑨ | Ⓖ Ⓛ Ⓣ Ⓤ | | | | ◯ No | | ◯ Released |

## PART III - PROPERTY

**59** Codes
S = Stolen   I = Impounded   L = Lost
E = Evidence   V = Vehicle from which   P = Suspected proceeds of crime
R = Recovered   theft occurred   O = Other
F = Found   D = Alleged drug type

a. Property Book & Page No. 142 / 147
b. Location of Property Book 30

| Code | Description of Item(s) | Serial Number/Operation ID No. | Model No. | Color | Size | Quantity | Comp. Value | Age | MPDC Value |
|---|---|---|---|---|---|---|---|---|---|
| E | Co-Check | 0897905400120400C8828 c9791 | 1/6H1 Blue | WNK | 1 | UNK | 1Month | 254 |
| S | U.S. Currency | N/A | 654 N/A | GRN | N/A | N/A | 5,395.97 | N/A | 5,395.9 |

**TOTAL VALUE** 5,396.2

**60 VEHICLE INFORMATION** — Vehicle operated/used by: ◯ Victim ◯ Suspect ◯ Victim's vehicle taken by suspect

| Code | Year | Make | Model | Color | Body | Tag No./State/Year | VIN |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## PART IV - SUSPECT/MISSING PERSON INFORMATION (Use narrative if additional space is needed.)

**61**
| #1 | a. Race | b. Sex | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| ● Suspect ◯ Missing | ◯ Asian ● White ◯ Black ◯ Latino/Hispanic | ◯ Unknown ◯ Male ◯ Unknown ● Female | 52 | 5'6 | 160 70/170 | BRN | Blonde |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| FAIR | | | | | | Khakis | Pink stripe | ◯ Alcohol ◯ Computer ◯ Drugs ● N/A |

q. Weapons Used in Offense (Mark all that apply)

Firearm: ◯ Handgun ◯ Shotgun ◯ Other ◯ Revolver ◯ Semi-automatic firearm ◯ Rifle ◯ Automatic
Other: ◯ Cutting instrument ◯ Hands/Feet/Teeth ◯ Other (specify) ◯ Blunt object ◯ None ◯ Motor vehicle ◯ Unknown
Color | Make | Model | Caliber

**62**
| #2 | a. Race | b. Sex | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| ◯ Suspect ◯ Missing | ◯ Asian ◯ White ◯ Black ◯ Latino/Hispanic | ◯ Unknown ◯ Male ◯ Unknown ◯ Other ◯ Female | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ◯ Alcohol ◯ Computer ◯ Drugs ◯ N/A |

q. Weapons Used in Offense (Mark all that apply)

Firearm: ◯ Handgun ◯ Shotgun ◯ Other ◯ Revolver ◯ Semi-automatic firearm ◯ Rifle ◯ Automatic
Other: ◯ Cutting instrument ◯ Hands/Feet/Teeth ◯ Other (specify) ◯ Blunt object ◯ None ◯ Motor vehicle ◯ Unknown
Color | Make | Model | Caliber

**63**
| #3 | a. Race | b. Sex | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| ◯ Suspect ◯ Missing | ◯ Asian ◯ White ◯ Black ◯ Latino/Hispanic | ◯ Unknown ◯ Male ◯ Unknown ◯ Other ◯ Female | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ◯ Alcohol ◯ Computer ◯ Drug ◯ N/A |

q. Weapons Used in Offense (Mark all that apply)

Firearm: ◯ Handgun ◯ Shotgun ◯ Other ◯ Revolver ◯ Semi-automatic firearm ◯ Rifle ◯ Automatic
Other: ◯ Cutting instrument ◯ Hands/Feet/Teeth ◯ Other (specify) ◯ Blunt object ◯ None ◯ Motor vehicle ◯ Unknown
Color | Make | Model | Caliber

*Value of vehicles to be entered by Information Processing section

CCN 016-757

PAGE 2

**64** PROBABLE CAUSE OF ABSENCE AND DESTINATION

N/A

**65** COMPLAINT NUMBER

016675

**66** IF MISSING PERSON HAS RUN AWAY BEFORE, GIVE DATE AND WHERE LOCATED:

N/A

**67** CLASSIFICATION
- Critical
- Non-Critical

**68** CLASSIFIED BY:

N/A

**69** PHYSICAL/MENTAL CONDITION (i.e. diabetic)

N/A

**70** DESCRIBE ARTICLES OF JEWELRY WORN AND IDENTIFICATION CARRIED

N/A

**71** NAME OF PARENT/GUARDIAN

N/A

**72** ADDRESS OF PARENT/GUARDIAN

N/A

**73** IF JUVENILE, ENTER MOTHER'S MAIDEN NAME

N/A

**74** MISSING PERSON SECTION NOTIFIED (Name)

N/A

**75** NARRATIVE   Describe event and action taken. If additional narrative space is needed, use PD Form 251-A.

| Item Number Continued | |
|---|---|
| | R-1 REPORTS FOR C-1 THAT ON THE LISTED DATES AND TIMES S-1 A FORMER EMPLOYEE STOLE A CHECK AND SIGNED R-1'S NAME ON THE LOWER RIGHT HAND SIDE AND THEN ENDORSED THE SAME AND CASHED THE CHECK. S-1 WROTE A STATEMENT ADMITTING TO R-1 WHAT SHE HAD DONE. R-1 IS CEO OF C-1. |

**76** EVIDENCE TECHNICIAN/CSES #

**77** NAME OF INVESTIGATOR NOTIFIED

**78** TELETYPE NOTIFIED (Name)

NOTIFICATION ALSO REQUIRED WHENEVER MISSING PERSON LOCATED

**79** TELETYPE #

**80** REPORTING OFFICER'S SIGNATURE

**81** ELEMENT  37D

**81** OTHER POLICE AGENCY (Indicate if report prepared by officer other than MPD)
- USCP
- USSS
- METRO TRANSIT
- OTHER

**82** SECOND OFFICER'S NAME

**83** ELEMENT

**83** SIGNATURE OF SUPERVISOR

**84** ELEMENT  37D

**84** NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1 | **85** RELATED TO EVENT NO(S).
1 2 3 4 5
6 7 8 9 10

**86** VICTIM TYPE

| Individual | Financial inst. | Religious org. | Police officer |
|---|---|---|---|
| Business | Government | Society/Public | Other |

**87** DATE OF BIRTH **88** AGE RANGE **89** SEX **90** HOME PHONE

| Unknown | NA |
|---|---|

| Month | Day | Year |
|---|---|---|
| Jan | | |
| Feb | | |
| Mar | 0 0 | 0 0 |
| Apr | 1 1 | 1 1 |
| May | 2 2 | 2 2 |
| Jun | 3 3 | 3 3 |
| Jul | 4 | 4 4 |
| Aug | 5 | 5 5 |
| Sep | 6 | 6 6 |
| Oct | 7 | 7 7 |
| Nov | 8 | 8 8 |
| Dec | 9 | 9 9 |

AGE RANGE:
0-1 yr.
2-12 yrs.
13-17 yrs.
18-65 yrs.
Over 65

SEX: Male, Female, Unknown **91**

( )

**91** BUSINESS PHONE

( )

**92** RACE/ETHNICITY (Mark all that apply)
American Indian/Alaskan Native — Japanese
Asian/Pacific Islander — Korean
Black — Vietnamese
Chinese — White
Latino/Hispanic — Other
Jamaican — Unknown/Refused

**93** HOME ADDRESS — DC Resident — Non-DC Resident — Unknown

**94** BUSINESS ADDRESS/SCHOOL

**95** OCCUPATION | **96** IS EVENT RELATED TO OCCUPATION?
Yes No Unknown

**97** ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1

---

**98** NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1 | **99** RELATED TO EVENT NO(S).
1 2 3 4 5
6 7 8 9 10

**100** VICTIM TYPE

| Individual | Financial inst. | Religious org. | Police officer |
|---|---|---|---|
| Business | Government | Society/Public | Other |

**101** DATE OF BIRTH **102** AGE RANGE **103** SEX **104** HOME PHONE

| Unknown | NA |
|---|---|

| Month | Day | Year |
|---|---|---|
| Jan | | |
| Feb | | |
| Mar | 0 0 | 0 0 |
| Apr | 1 1 | 1 1 |
| May | 2 2 | 2 2 |
| Jun | 3 3 | 3 3 |
| Jul | 4 | 4 4 |
| Aug | 5 | 5 5 |
| Sep | 6 | 6 6 |
| Oct | 7 | 7 7 |
| Nov | 8 | 8 8 |
| Dec | 9 | 9 9 |

AGE RANGE:
0-1 yr.
2-12 yrs.
13-17 yrs.
18-65 yrs.
Over 65

SEX: Male, Female, Unknown **105**

( )

**105** BUSINESS PHONE

( )

**106** RACE/ETHNICITY (Mark all that apply)
American Indian Alaskan Native — Japanese
Asian/Pacific Islander — Korean
Black — Vietnamese
Chinese — White
Latino/Hispanic — Other
Jamaican — Unknown/Refused

**107** HOME ADDRESS — DC Resident — Non-DC Resident — Unknown

**108** BUSINESS ADDRESS/SCHOOL

**109** OCCUPATION | **110** IS EVENT RELATED TO OCCUPATION?
Yes No Unknown

**111** ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1

---

**112**

**#1**

| | | a. Race | | | b. Sex | | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Suspect | Asian | White | | Unknown | Male | Unknown | | | | | |
| Missing | Black | Latino/Hispanic | | Other | Female | | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Alcohol / Drugs |
| | | | | | | | | Computer / N/A |

q. Weapons Used in Offense (Mark all that apply)

| | Firearm | | | | Other | | Color | Make | Model | Caliber |
|---|---|---|---|---|---|---|---|---|---|---|
| Handgun | Shotgun | Other | Cutting instrument | Hands/Feet/Teeth | Other (specify) | | | | | |
| Revolver | Semi-automatic | firearm | Blunt object | None | | | | | | |
| Rifle | Automatic | | Motor vehicle | Unknown | | | | | | |

**113**

**#2**

| | | a. Race | | | b. Sex | | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Suspect | Asian | White | | Unknown | Male | Unknown | | | | | |
| Missing | Black | Latino/Hispanic | | Other | Female | | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Alcohol / Drugs |
| | | | | | | | | Computer / N/A |

q. Weapons Used in Offense (Mark all that apply)

| | Firearm | | | | Other | | Color | Make | Model | Caliber |
|---|---|---|---|---|---|---|---|---|---|---|
| Handgun | Shotgun | Other | Cutting instrument | Hands/Feet/Teeth | Other (specify) | | | | | |
| Revolver | Semi-automatic | firearm | Blunt object | None | | | | | | |
| Rifle | Automatic | | Motor vehicle | Unknown | | | | | | |

**114**

**#3**

| | | a. Race | | | b. Sex | | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Suspect | Asian | White | | Unknown | Male | Unknown | | | | | |
| Missing | Black | Latino/Hispanic | | Other | Female | | | | | | |

| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Using |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Alcohol / Drugs |
| | | | | | | | | Computer / N/A |

q. Weapons Used in Offense (Mark all that apply)

| | Firearm | | | | Other | | Color | Make | Model | Caliber |
|---|---|---|---|---|---|---|---|---|---|---|
| Handgun | Shotgun | Other | Cutting instrument | Hands/Feet/Teeth | Other (specify) | | | | | |
| Revolver | Semi-automatic | firearm | Blunt object | None | | | | | | |
| Rifle | Automatic | | Motor vehicle | Unknown | | | | | | |

P.D. 252 Rev. 10/86    Metropolitan Police Department    SUPPLEMENT REPORT

| ☐ Classification Change | ☑ Additional Information | 3. DIST 3-D | 4. PSA BOG | 5. CRIME/CLASSIFICATION OTTERING | 1. COMPLAINT NUMBER 016-757 |

6. DATE OF THIS REPORT: 2-8-05
7. REPORTING ELEM: 3-D
8. CLASSIFICATION OF REPORT CHANGED TO:

| 9. DATE AND TIME OF EVENT 1-21-05 0800 2-8-05 1015 | 10. DATE AND TIME OF ORIG. RPT. 2-8-05 1040 | 11. EVENT LOCATION 1050 17TH STREET NW WDC | PSA 500 | 12. PROPERTY TYPE ☐ PUBLIC ☑ PRIVATE |

13. RADIO RUN RECEIVED ☐ YES ☐ NO
TIME RECEIVED 1030
14. DESCRIBE LOCATION Commercial/Office Bldg.
15. WHERE ENTERED
16. TOOLS/WEAPONS
17. METHODS

18. COMPLAINANT/MISSING PERSON/FIRM A HMB   SEX N/A   RACE N/A   DATE OF BIRTH
COMPLAINANT/MISSING PERSON/FIRM B   SEX   RACE   DATE OF BIRTH

19. Suspect/Missing Person

| | RACE | SEX | AGE | HEIGHT | WEIGHT | EYES | HAIR | COMPLEXION | SCARS | HAT | COAT | JACKET | PANTS | SHIRT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☑ SUSPECT ☐ MISSING PERSON | W | F | 52 | 56 | 160to 170 | BRN | Blonde | FAIR | | | | | Pink Khakis Shirt |
| ☐ SUSPECT ☐ MISSING PERSON | | | | | | | | | | | | | | |

20. SOLVABILITY FACTORS — Complete each item below. If additional space is needed, use the narrative section. If necessary, use PD Form 251-A. Refer to the specific item numbers when continuing information in the narrative section or on PD Form 251-A.

| IS THERE A WITNESS? | ☑ YES ☐ NO | If yes, enter name(s), address(es), phone number(s), hours of availability and brief account. CARX HATCH 12-7243 Pitstick CT North Potomac, M1) 20878 GARY DUKE 2400 32nd ST. SE 20x2x |
| IS A SUSPECT NAMED? | ☐ YES ☐ NO | Enter the name and include any nickname used. |
| IS THE STOLEN PROPERTY TRACEABLE? | ☑ YES ☐ NO | Include reason why or why not. Check#09791 00 971 0 540c 1204 0020965 2856 34 0000 53939 |
| IS PHYSICAL EVIDENCE PRESENT? | ☑ YES ☐ NO | Describe it. Check |
| IS THE PERPETRATOR KNOWN TO THE VICTIM? | ☑ YES ☐ NO | If yes describe the relationship. FORMER EMPLOYEE |
| WAS A REFERRAL FORM GIVEN TO COMPLAINANT? | ☐ YES ☑ NO | G Give any address, place of employment, or hangout known for the perpetrator(s). |
| DURING WHAT HOURS IS COMPLAINANT AVAILABLE FOR INTERVIEW | | List the name, address, phone number and any information provided when the area was canvassed. |
| To be completed by crime analysis | IS AN MO OR PATTERN INDICATED? ☐ YES ☐ NO | DESCRIBE MO OR PATTERN |

21. ADDITIONAL STOLEN PROPERTY    Property Book

| CODE | ITEM | SERIAL NO./OPERATION ID NO. | MODEL NO. | COMP. VALUE | AGE | MPDC VALUE | |
|---|---|---|---|---|---|---|---|
| | | | | | | | BOOK/PAGE NO. ADDITIONAL VALUE |
| | | | | | | | ORIGINAL VALUE |

| YEAR | MAKE | MODEL | COLOR | BODY | TAG/STATE/YEAR | VEHICLE IDENTIFICATION NO. | * * * | TOTAL PROP. VALUE |

22. NARRATIVE: Record your activity and all developments in the case subsequent to your last report. List the names, addresses, sex, race, age, and arrest numbers of all arrested persons. Explain any change in classification. List the names, addresses, and telephone numbers of all witnesses and suspects.

B-1 STATED THAT S-1 ADMITTED TO CASHING THE ABOVE LISTED CHECK. BY WRITING A STATEMENT ON A LETTERHEAD SHEET

23. STATUS ☑ OPEN ☐ PRIOR CLOSED ☐ CLOSED ☐ UNFOUNDED (EXPLAIN IN NO.22) ☐ SUSPENDED (EXPLAIN IN NO.22)
24. TELETYPE NO.
25. SOLVABILITY RATING
26. SOLVABILITY CLASSIFICA.

27. INVESTIGATIVE OFFICER'S RECOMMENDATION ☐ SUSPEND ☐ INVESTIGATE FURTHER
28. SUPERVISOR'S RECOMMENDATION ☐ SUSPEND ☑ INVESTIGATE FURTHER

29. REPORTING MEMBER'S SIGNATURE P.Fec. Dan S— 2441 3-D
30. BADGE/ELEM
30. INVESTIGATOR'S SIGNATURE
BADGE/ELEM
31. SUPERVISOR'S SIGNATURE 571 3D
BADGE/ELEM

32. INVESTIGATIVE REVIEW OFFICER
33. SUPERVISOR
BADGE/ELEM
34. REVIEWER
35. DISTRIBUTION

* * * Value of vehicles will be entered by the Information Processing Section, Data Processing Division.    87P7575    PAGE 1 OF 1 PAGES